O

# United States District Court
# Central District of California

| | |
|---|---|
| IN RE WENDY K. PITTS, <br>         Debtor. | Case № 5:13-cv-02099-ODW |
| WENDY K. PITTS, <br>         Appellant, <br>     v. <br> UNITED STATES OF AMERICA, <br>         Appellee. | Bankruptcy Case № 6:12-cv-15291-SC <br><br> Adversary Case № 6:12-ap-01191-SC <br><br> **ORDER AFFIRMING BANKRUPTCY COURT'S DECISION** |

## I. INTRODUCTION

When a general partnership fails to pay required federal taxes, how can the Internal Revenue Service ("IRS") recover those obligations from general partners? The United States Supreme Court resolved many issues relating to general-partner liability for unpaid partnership tax debts in *United States v. Galletti*, 541 U.S. 114 (2004). But the Court also left many issues unresolved, including whether the IRS could employ administrative-collection procedures against the general partner and whether a federal or state statute of limitations applies to the IRS's collection efforts. Those unsettled issues are now squarely before the Court for resolution.

Appellant Wendy K. Pitts was a general partner of DIR Waterproofing, a California general partnership. DIR failed to pay several employment taxes, and the IRS recorded Notices of Federal Tax Liens against Pitts's property in her personal capacity. After she filed for Chapter 7 bankruptcy, Pitts filed an adversary proceeding against the United States seeking to invalidate the liens and discharge any tax liability she had stemming from DIR. The United States Bankruptcy Court for the Central District of California found that the liens were valid, as Pitts was liable for DIR's tax debts by operation of California law. The court also found that the relevant federal statute of limitations applied and therefore the IRS timely recorded its liens.

Pitts appealed the decision to this Court. After reviewing the parties' arguments and relevant case law, the Court finds that the bankruptcy court did not err and accordingly **AFFIRMS** the judgment in favor of the United States.

## II. FACTUAL BACKGROUND

Pitts, a California resident, was a general partner of DIR Waterproofing, a California general partnership ("DIR"). (ER 20.[1]) On March 1, 2012, Pitts filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Central District of California. (*Id.*) As of that date, DIR had unpaid Federal Insurance Contribution Act ("FICA") taxes and unpaid Federal Unemployment Tax Act ("FUTA") taxes for various quarters in 2005, 2006, and 2007. (*Id.*) DIR also had unpaid penalties for filing its 2005 federal Return of Partnership Income late and intentionally failing to file correct return information under 26 U.S.C. § 6721. (*Id.* at 20–21.) In total, DIR failed to pay $106,675.40 in FICA taxes, $2,145.08 in FUTA taxes, and $2,858.51 in late-filing penalties, including interest, further penalties, and statutory additions. (*Id.* at 400.)

Between 2007 and 2008, the IRS recorded a total of four Notices of Federal Tax Liens ("NFTL") in Riverside and Orange Counties, California, naming DIR and Pitts

---

[1] The parties stipulated to all relevant facts during their summary-judgment briefing before the bankruptcy court. (ER tab 3.) There are therefore no disputes of material fact.

as the taxpayers for these unpaid amounts. (*Id.* at 25.) The IRS identified Pitts as a DIR partner on the NFTLs. (*Id.*) The NFTLs continue to encumber Pitts's property. (*Id.* at 26.)

On June 21, 2007, and August 7, 2007, the IRS issued Notices of Federal Taxes Due naming DIR as the taxpayer and Pitts as a partner. (*Id.*)

As of the time of the summary-judgment briefing in June 2013, DIR still owed at least $114,858.80 in tax debt plus unassessed interest. (*Id.*) But the IRS never assessed DIR's taxes against Pitts. (*Id.*) The IRS has also never brought a judicial action against Pitts. (*Id.*)

On May 31, 2012, Pitts filed this adversary proceeding against the United States to determine the dischargeability of debts under 11 U.S.C. § 523; the nature, extent, and validity of liens under 11 U.S.C. § 506; and whether the IRS violated 11 U.S.C. § 524's discharge injunction. (*Id.* at 20; *see also id.* at 1–9 (Second Amended Complaint).) On June 11, 2012, Pitts received a bankruptcy discharge. (*Id.* at 26.)

On June 26, 2013, Pitts and the United States filed cross-summary-judgment motions. (ER tabs 5, 6.) The bankruptcy court subsequently held a hearing on the motions. (*Id.* at 399.) The court denied Pitts's motion and granted the Government's motion. (*Id.* at 413.) On October 23, 2013, the bankruptcy court issued a judgment in favor of the United States. (*Id.* at 430–32.) The court included a detailed table determining which taxes and amounts were dischargeable under 11 U.S.C. § 523. (*Id.* at 426.) The court also determined that the Government's NFTLs against Pitts's property were valid and perfected and that the IRS did not violate the discharge injunction under § 524. (*Id.* at 427.)

On November 15, 2013, Pitts timely appealed the bankruptcy court's ruling to this Court. (ECF No. 2.) Both parties timely submitted briefing, and the Court subsequently took the matter under submission. That appeal is now before the Court for decision.

/ / /

## III. JURISDICTION

The Court has jurisdiction to hear this bankruptcy-court appeal under 28 U.S.C. § 158(a) and Federal Rule of Bankruptcy Procedure 8001(b).

## IV. STANDARD OF REVIEW

In reviewing a bankruptcy court's decision, a district court reviews legal determinations de novo. *In re Olshan*, 356 F.3d 1078, 1083 (9th Cir. 2004). This means that the court reviews the legal issues involved "independently and without deference." *In re JTS Corp.*, 617 F.3d 1102, 1109 (9th Cir. 2010). But the district court must accept factual findings unless clearly erroneous, that is, the court must be "left with the definite and firm conviction that a mistake has been committed." *Id.* at 1109 (internal quotation marks omitted).

## V. DISCUSSION

Pitts's arguments center on the notion that since California law creates her liability for DIR's debts, the IRS cannot employ federal remedies against her. But the Court finds that Pitts is liable for federal taxes, thereby empowering the IRS to utilize administrative-collection procedures. The Court also finds that the federal tax-collection statute of limitations applies, and that the bankruptcy court did not err in finding that certain of Pitts's tax debts were nondischargeable.

**A.  General partner's liability for partnership's federal tax debts**

Under the Internal Revenue Code ("IRC"), an "employer" must deduct and withhold certain tax amounts from the wages it pays its employees. 26 U.S.C. § 3402. The employer is then liable for paying those withholdings to the IRS. § 3403.[2] Under § 6672(a), "[a]ny person required to collect, truthfully account for, and pay over any tax" required by the IRC who willfully fails to do so is liable for the tax plus a penalty equal to the tax amount. The section also sets forth a notice system and three-year statute of limitations. § 6672(b) (incorporating the three-year statute of limitations set

---

[2] All further citations in this order refer to the Internal Revenue Code, Title 26 of the United States Code, unless otherwise specified.

forth in § 6501(a)). If the IRS assesses a tax to a responsible person within three years, the IRS then has 10 years from the assessment date to collect the tax. § 6502(a)(1).

Pitts readily admits that she is liable for DIR's obligations as a general partner per California partnership law. But the threshold issue she raises is whether she is liable under the IRC for DIR's unpaid employment-tax withholdings and thus subject to the IRC's collection remedies. Pitts argues that in *United States v. Galletti*, 541 U.S. 114 (2004), the United States Supreme Court held that a general partner is not a "taxpayer" with respect to payroll tax-withholding liabilities of her general partnership under 26 U.S.C. § 3403. She therefore contends that the IRS cannot rely on § 3403 to create her liability for DIR's tax debts.

She further asserts that the IRS had two main ways of making her liable: either under federal or state law. To make her a responsible party under § 6672, Pitts asserts that the IRS had to separately assess her within the applicable three-year statute of limitations. Since it is undisputed that the IRS never assessed Pitts's tax liability, she avers that she is not responsible for DIR's tax debt under federal law. Additionally, she proffers that since general partners are not "taxpayers" under § 3403, the IRS cannot separately assess them when it assesses the partnership for those tax withholdings.

Pitts additionally contends that though she is jointly and severally liable for DIR's obligations under California law, she is merely liable for DIR's debt and not its "tax" liability under the IRC as that term is used in its legal sense.

But the Government argues that contrary to Pitts's argument, once the IRS assesses a tax against a general partnership, it need not separately assess the general partners in order to make them liable. The Government contends that since Pitts is liable for DIR's debts under California law, the tax assessment against DIR for its unpaid employment-tax withholdings suffices to create a tax debt owed by Pitts to the
/ / /

IRS. The IRS further asserts that it did not have to proceed against Pitts under § 6672 but rather could separately pursue her under state law.

The Supreme Court has already weighed in on many issues relevant to this appeal in *Galletti*. Interpreting § 3403, the Court held that the "employer" liable for paying the tax withholdings to the IRS is the general partnership. 541 U.S. at 120–21 ("When an employer fails to withhold and submit the requisite amount of employment taxes, § 3403 makes clear that the liable taxpayer is the employer."). The Court specifically rejected the argument that imposing a tax on the general partnership is equivalent to imposing a tax directly on the general partners, that is, the general partners are not primarily liable for the tax. *Id.* at 121. This is because under California Corporations Code section 16201, a general partnership is an entity distinct from its partners. *Id.* (specifically applying California partnership law).

But the Court went on to hold that the general partners may be secondarily liable for the general partnership's § 3403 tax debts by operation of state law—all without a separate tax-liability assessment. *Id.* at 123. The Court concluded that "[o]nce a tax has been properly assessed, nothing in the Code requires the IRS to duplicate its efforts by separately assessing the same tax against individuals or entities who are not the actual taxpayers but are, by reason of state law, liable for payment of the taxpayer's debt." *Id.* This is true because the assessment attaches to the debt "without reference to the special circumstances of the secondarily liable parties." *Id.* In sum, *Galletti* stands for the proposition that once the IRS assesses a general partnership for employment-tax-withholding liability under § 3403, the 10-year statute of limitations for collection runs against the partners without separate assessment.

After *Galletti*, it is clear that the IRS may proceed via one of at least two paths to hold a general partner liable for the general partnership's tax liabilities under § 3403. First, the IRS may assess the general partner under § 6672(b) by giving her proper notice—thereby making her a responsible person. Once the IRS complies with § 6672(b), the general partner is then liable for the tax assessed in her own right, i.e.,

she is primarily liable for the employment-tax withholdings. But the Government may also take a different route. The IRS may bypass § 6672 by invoking state law—likely state partnership law such as California Corporations Code section 16306—to establish the general partner's liability for the general partnership's § 3403 tax obligation. Since the general partnership is the "employer" for § 3403 purposes, the IRS need not comply with § 6672(b) by separately assessing the general partner. *Galletti*, 541 U.S. at 123. But that does not change the end of result from either path: the general partner becomes liable for the general partnership's § 3403 employment-tax-withholding liability.

Here, the IRS undisputedly did not separately assess Pitts and therefore did not seek to hold her liable under § 6672. But that only established that Pitts is not primarily liable for DIR's unpaid employment-tax withholdings. By operation of California Corporations Code section 16306(a), Pitts is jointly and severally liable for all of DIR's obligations, i.e., Pitts is secondarily liable for DIR's tax debts.

Pitts's argument that she is not liable under federal law hinges on the notion that somehow the original federal-tax obligation transmutes into a state-law one once the liability for that obligation trickles down to a secondarily liable party. But an example demonstrates the argument's fallacy. Had DIR incurred a contract obligation, Pitts would be secondarily liable for the contract obligation by operation of Corporations Code section 16306(a)—even though she was not a party to the contract—just like she is not the "taxpayer" primarily liable for the employment-tax withholdings. One would not say that Pitts's obligation no longer arose in contract just because her liability stemmed immediately from section 16306 and not the contract itself. The same is true for a tort liability or any other legal obligation. The obligation arises under some provision of federal or state law, and section 16306(a) merely acts a conduit for liability, channeling it from the general partnership as a separate entity to Pitts as a general partner. But the nature of the obligation itself does not change.

The Court thus finds that when the IRS seeks to hold a general partner liable via state law for a general partnership's § 3403 tax liability, the general partner is liable for a federal-tax obligation. Since the underlying obligation at issue in this action—employment-tax withholdings under § 3403—arises under federal law, Pitts is therefore liable under federal law. The means by which the IRS has chosen to hold her accountable for that obligation—state law—does not change that result.

**B.     Use of administrative-collection procedures**

The IRC provides for administrative collection of outstanding tax liabilities, that is, enforcement without resort to judicial proceedings. Under § 6321, "[i]f any person liable to pay any tax neglects or refuses to pay the same after demand, the amount . . . shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." While the IRS need not provide advance notice to the taxpayer before recording the tax lien, the IRS must give notice and make a demand for the tax due with 60 days of an assessment under § 6203. *See* § 6303(a). The IRC further provides for administrative appeal of liens and a method for releasing erroneous liens. § 6326; *see also Carrillo v. United States*, No. CV-S-02-0353-KJD-LRL, 2003 WL 1908406, at *2–3 (D. Nev. Mar. 12, 2003) (listing the IRS's administrative-collection steps).

The Supreme Court specifically left open the issue of whether the IRS may employ administrative-collection procedures to collect a tax debt from a general partner: "Because the Government is attempting to enforce the Partnership's tax liabilities against respondents in a judicial proceeding, we do not address whether an assessment only against the Partnership is sufficient for the IRS to commence administrative collection of the Partnership's tax debts by lien or levy against respondents' property." 541 U.S. at 120 n.1. As Pitts points out, that glaringly unsettled issue is now squarely before this Court for resolution.

Pitts argues that the IRS's whole administrative-enforcement scheme depends on the creation of liability under § 6321—the statute automatically creating tax liens

for unpaid tax debts. She rehashes her previous assertions that she is not the "taxpayer" liable for the employment-tax withholdings under § 3403, so she believes she cannot be held liable for them under federal, as opposed to state, law. She points to several IRC sections that create secondary liability for tax obligations and argues that since none of these sections apply to her, she is not secondarily liable under federal law for DIR's § 3403 debts and thus not subject to administrative enforcement. Further, Pitts distinguishes cases relied upon by the bankruptcy court and the Government by contending that none of those cases involved the IRS's ability to use administrative-collection procedures against a general partner based solely on the creation of such liability under state law. Lastly, she asserts that the IRS may only employ state-law remedies for collecting any DIR debts for which she is secondarily liable via Corporations Code section 16306.

The Government disagrees, arguing that since Pitts is liable for DIR's unpaid taxes by operation of Corporations Code section 16306, the IRS's statutory liens automatically arose under § 6321. The Government also contends that Pitts has not cited a single case that establishes that the IRS must resort to state-law remedies to enforce federal obligations. Rather, the IRS asserts that federal law controls the collection of federal taxes.

Pitts correctly states that the IRS may not simply employ a federal tax-collection remedy without underlying liability. She is also correct that she is not the "taxpayer" primarily liable for the employment-tax withholdings under § 3403; the Supreme Court recognized as much in *Galletti*. 541 U.S. at 120–21. But for the IRS to properly record a tax lien as provided under § 6321, Pitts must only be "any person liable to pay any tax"—not necessarily the primarily liable "taxpayer" as Congress has defined that term in § 7701(a)(14) (defining "taxpayer" as "any person subject to any internal revenue tax"). The determination whether Pitts is a "taxpayer" does not establish the IRS's ability to record a statutory lien under § 6321. Rather, the existence of her federal tax liability for "any tax"—regardless of how that liability

arises—is the defining criterion of the tax lien's validity. As the Court established above, Pitts is in fact liable under federal law for DIR's unpaid employment-tax withholdings.

Pitts contends that "each and every one of the cases the Government relies upon . . . addressed the creation of remedies related to specific situations such as responsible persons (IRC § 6672), transferees (IRC § 6901(a)(1)(A)), and nominees (IRC § 6324)." (Reply 9.) She argues that since those statutes create secondary tax liability, the Government may properly employ administrative-collection procedures as a remedy. But she asserts that no federal statute creates her liability here, so, by that argument, the Government may not invoke any federal remedy such as a statutory lien under § 6321.

But Pitts has not cited any authority establishing that these discrete IRC provisions are the only bases for federal liability upon which the IRS can predicate its administrative enforcement. And for good reason. While §§ 6672, 6901, and 6324 undoubtedly create secondary liability, the administrative-collection procedures are not specifically keyed to them. Rather, the IRC authorizes a federal tax lien against the property of "*any* person liable to pay *any* tax." § 6321 (emphasis added); *see also In re Crockett*, 150 F. Supp. 352, 354 (N.D. Cal. 1957) ("In order for the lien . . . to attach to the individual property of the bankrupt, it must be established that (1) he is a 'person liable to pay' the tax, and (2) he has 'neglected or refused to pay the same after demand'."). Congress has undoubtedly painted the IRS's administrative-collection powers with a broad brush, sweeping in any person with outstanding tax liability, however that liability arises. Pitts presents no convincing reason why the Court should unnecessarily circumscribe this enforcement power by carving out an exception for general partners otherwise liable for federal tax obligations.

The Court also does not write on a blank slate. While addressing previous versions of the relevant IRC sections, another federal court has addressed this issue:
/ / /

> Under the law of California, it is clear that an individual partner may be held liable for the entire amount of a partnership debt, and under that rule, an individual partner has been held liable to the United States for the employment withholding taxes of the partnership, and his individual property has been held subject to the lien of [§ 6321's predecessor]. Hence, it is the opinion of this Court that the bankrupt is a 'person liable to pay' the tax asserted within the meaning of [§ 6321's predecessor] . . . .

*Crockett*, 150 F. Supp. at 354; *see also Young v. U.S. I.R.S.*, 387 F. Supp. 2d 143, 144–45 (E.D.N.Y. 2005) (citing to *Crockett* and Corporations Code section 16306); *accord Remington v. United States*, 210 F.3d 281, 283 (5th Cir. 2000) ("Accordingly, under Texas law, the IRS is entitled to collect the trust fund tax liability, indisputably a partnership debt, from any one of the general partners, including Remington. The partnership is the primary obligor and its partners are jointly and severally liable on its debts." (footnote omitted)); *Underwood v. United States*, 118 F.2d 760, 761 (5th Cir. 1941) (same).

While Pitts has not raised any due-process challenges regarding administrative enforcement in this appeal,[3] the Court notes that the notice and administrative-review provisions engrafted into the IRC collection procedures mollify any concerns stemming from the nonjudicial nature of that process. *See generally Mathews v. Eldridge*, 424 U.S. 319, 348 (1976) ("The judicial model of an evidentiary hearing is neither a required, nor even the most effective, method of decisionmaking in all circumstances. The essence of due process is the requirement that 'a person in jeopardy of serious loss (be given) notice of the case against him and opportunity to meet it.'" (quoting *Joint Anti-Fascist Refugee Comm. v. McGrath*, 341 U.S. 123, 171–

---

[3] The bankruptcy court invited supplemental briefing from the parties regarding, among other things, "[w]hat type of notice is required to be given to both the partnership and the general partner before recording a notice of federal tax lien[]." (ER 434.) Both parties responded to the court's invitation. (*See* ER 384–90 (Pitt's briefing); 392–96 (Government's briefing).)

72 (Frankfurter, J, concurring))). There is also no indication that a general partner may not file a judicial action to challenge the IRS's collection procedures against her.

The Court accordingly finds that the IRS may properly employ its administrative-collection procedures set forth in §§ 6321–26 against a general partner to collect employment-tax withholdings due from a general partnership under § 3403 where the general partner is secondarily liable under state law for those obligations.

Pitts further argues that in order for the IRS to hold her secondary liable under California law for DIR's tax debts, it must obtain a judgment against her. The Court disagrees.

California law provides that "all partners are liable jointly and severally for all obligations of the partnership unless otherwise agreed by the claimant or provided by law." Cal. Corp. Code § 16306(a). Section 16307(c) additionally provides that a "judgment against a partnership is not by itself a judgment against a partner"; rather, a "judgment against a partnership may not be satisfied from a partner's assets unless there is also a judgment against the partner." Corp. Code § 16307(c).

While apparently both Pitts and the Government read section 16307(c) as operating as a gateway to section 16306(a) liability, the Court sees the two sections a different way. Section 16306 expresses the general, well-accepted understanding of partnership law that partners are liable for all of the partnership's obligations. A judgment against a partnership is just one type of liability. In the event that a party does obtain a judgment against a partnership, section 16307 then comes into effect and provides that the prevailing party must obtain a judgment specifically naming the partner herself in order to hold the partner liable. But nowhere in either section did the California Legislature state that a judgment is the *sine qua non* of all general-partner liability under section 16306(a).

The Court consequently finds that the IRS did not have to obtain a judgment against Pitts in order to hold her liable for DIR's tax debts.

/ / /

### C. Applicable statute of limitations

This case also presents another gap left open by the Supreme Court in *Galletti*: which statute of limitations applies to the IRS's administrative-collection efforts. *See* 541 U.S. at 120 n.4 ("Respondents contend that if partners are not 'taxpayers' under § 6203, then their liability arises only under state law, and the state 3-year statute of limitations therefore applies. Respondents have forfeited this argument by failing to raise it in the courts below."). This Court must now resolve that issue.

As discussed in part A above, § 6672(b) incorporates the three-year statute of limitations set forth in § 6501(a)). This means that if the IRS assesses a tax to a responsible person within three years, the IRS has 10 years from the assessment to collect the tax—whether from the general partnership or its general partners. § 6502(a)(1); *Galletti*, 541 U.S. 116 ("[W]e hold that the proper assessment of the tax against the partnership suffices to extend the statute of limitations for collection of the tax from the general partners who are liable for the payment of the partnership's debts."). But California law provides a conflicting statute of limitations. California Code of Civil Procedure section 338(a) provides that a plaintiff must commence an "action upon a liability created by statute"—such as Corporations Code section 16306(a)—within three years.

Pitts argues that because her liability for DIR's debts originates under California law, California's three-year statute of limitations applies to any collection efforts against her. Pitts contends that the IRS is not asserting rights directly against Pitts that were obtained from federal statutes nor does it have any remedies available to it other than those available under state law. Finally, Pitts asserts that since the IRS's last assessment against DIR occurred in 2008—more than three years since her March 1, 2012 bankruptcy-petition date—the IRS is barred by California's three-year limitations period.

/ / /

/ / /

But the IRS avers that the collection of federal taxes is a sovereign function, and state collection statutes cannot constrain the IRS's ability to collect taxes. Appellee therefore contends that the 10-year limitations period should apply.

The Supreme Court has aptly stated that whether to apply a state or federal statute of limitations "is a difficult question." *United States v. California*, 507 U.S. 746, 758 (1993). The Court has held that it "is well settled that the United States is not bound by state statutes of limitation . . . in enforcing its rights." *United States v. Summerlin*, 310 U.S. 414, 416 (1940); *see also United States v. John Hancock Mut. Life Ins. Co.*, 364 U.S. 301, 308 (1960). The Court reasoned that when "the United States becomes entitled to a claim, acting in its governmental capacity and asserts its claim in that right, it cannot be deemed to have abdicated its governmental authority so as to become subject to a state statute putting a time limit upon enforcement." *Summerlin*, 310 U.S. at 417.

Summarizing relevant Supreme Court case law, the Ninth Circuit has stated that the *Summerlin* rule applies "(1) when 'the right at issue was obtained by the government through, or created by, a federal statute,' and (2) when 'the government was proceeding in its sovereign capacity.'" *Bresson v. C.I.R.*, 213 F.3d 1173, 1177 (9th Cir. 2000) (quoting *California*, 507 U.S. at 757). The state statute of limitations is only relevant when "a claim *already has become infirm* (for example, when a limitations period expires) by the time the United States acquires the purported right." *Id.* at 1176 (referencing the holding in *Guaranty Trust Co. of N.Y. v. United States*, 304 U.S. 126 (1938)).

The Ninth Circuit's opinion in *Bresson* largely resolves the dispute in this action. In that case, the IRS alleged that the transfer of a residence between a corporation and its sole owner and officer was a fraudulent transfer under the California Uniform Fraudulent Transfer Act, Cal. Civ. Code §§ 3439.01–12. 213 F.3d at 1174. The IRS then sought to hold the transferee liable for unpaid taxes on the part of the transferor under 26 U.S.C. § 6901(a)(1)(A), which provides for certain

transferee liability for outstanding taxes. *Id.* The tax court found in favor of the IRS, therefore permitting the Government to pursue the transferee even though California's four-year "claim extinguishment" provision had run on the transfer. *Id.* at 1174–75.

In affirming the tax court, the Ninth Circuit held that the IRS was not subject to California's claim-extinguishment provision. *Id.* at 1178. The court found that the case fell within the *Summerlin* rule because "the government's underlying right to collect money in this case clearly derive[d] from the operation of federal law (i.e., the Internal Revenue Code)" and "in its efforts to collect taxes, the United States unquestionably is acting in its sovereign capacity; indeed, the right to collect taxes is among the most basic attributes of sovereignty." *Id.*

This action similarly falls within the *Summerlin* rule's two prongs. The underlying obligation here is DIR's unremitted employment-tax withholdings under § 3403, i.e., federal law. As discussed above, while California partnership law establishes Pitts's liability for DIR's debts, it does not alter the character of the preexisting federal duty to pay over the withholdings. Further, just as in *Bresson*, the IRS "unquestionably is acting in its sovereign capacity" by attempting to collect taxes from Pitts.

Pitts's citation to the Supreme Court's opinion in *Commissioner of Internal Revenue v. Stern*, 357 U.S. 39 (1958), is unavailing. In that case, the IRS sought to impose tax liability on a widow stemming from her deceased husband's unpaid income taxes. 357 U.S. at 40. The widow was the beneficiary under the late husband's life-insurance policy, and the IRS sought to impose transferee liability under IRC § 311, the predecessor to 26 U.S.C. § 6901. *Id.* at 40–41. The Supreme Court found it unnecessary to decide whether the widow was a transferee within the meaning of § 311 because the state statutes concerning fraudulent transfers "govern[ed] the question of the beneficiary's liability and create[d] no liability of the respondent to the Government in the circumstances of [the] case." *Id.* at 41–42. The Court emphasized that § 311 "neither create[d] nor define[d] a substantive liability but

provide[d] merely a new procedure by which the Government may collect taxes." *Id.* at 42.

While Pitts correctly notes that the underlying liability in *Stern* arose under Kentucky state law, Pitts's liability here arises under federal—not California—law. The Supreme Court did not hold that the IRS's rights are always controlled by state law whenever the IRS invokes state law in tax collection. Rather, *Stern* simply stands for the proposition that federal collection-procedure statutes cannot create substantive liability where state law does not otherwise create any. But since the Court has already established Pitts's underlying liability, *Stern* does not compel the Court to import California's statute of limitations into the IRS's collection efforts against her.

Moreover, even though the Supreme Court declined to resolve the statute-of-limitations issue in *Galletti*, the Court was not silent on the issue. In ruling that the 10-year statute of limitations runs against general partners following a valid assessment against the partnership itself, the Court, citing to *United States v. Updike*, 281 U.S. 489 (1930), noted that "the statute of limitations attache[s] to the debt as a whole," irrespective of from whom the IRS seeks to collect. 541 U.S. at 123.

In *Updike*, the IRS sought to use a previous version of § 6901 to collect taxes due from shareholders as a corporation's transferees. The Court reasoned:

> It seems plain enough . . . that the present suit, though not against the corporation but against its transferees to subject assets in their hands to the payment of the tax, is in every real sense a proceeding in court to collect a tax. The tax imposed upon the corporation is the basis of the liability, whether sought to be enforced directly against the corporation or by suit against its transferees. The aim in the one case, as in the other, is to enforce a tax liability; and the effect of [§ 6901's predecessor] is to read into that section, and make applicable to the transferee equally with the original taxpayer, . . . the period of limitation for the collection of a tax.

281 U.S. at 494.

Just like in *Updike*, the basis for Pitts's liability here is DIR's unremitted § 3403 tax withholdings, "whether sought to be enforced directly against [DIR] or . . . against [Pitts]." *See id.* While the IRS is not employing any provision of the IRC authorizing secondary liability, the result is the same as in *Updike*: the underlying liability grounded in federal law is carried over to a secondarily liable party, i.e., Pitts.

The Court therefore finds that when the IRS seeks to hold a general partner secondarily liable via state law for unpaid employment-tax withholdings under § 3403, § 6502(a)(1)'s 10-year statute of limitations for collections applies if the IRS has already validly assessed the general partnership within § 6672(b)(3)'s three-year statute of limitations. Stated differently, a state statute of limitations relating to the secondary liability cannot cut off the IRS's right to collect from the general partner within 10 years of a valid assessment against the general partnerhsip. California Code of Civil Procedure section 338(a)'s three-year statute of limitations consequently does not apply to this action.

**D.     Validity of the IRS's tax liens**

Pitts also includes an independent argument challenging the validity of the IRS's tax liens recorded against her property. But as discussed above, the IRS can validly employ its administrative-collection procedures—that is, tax liens under § 6321—because she is a "person liable to pay any tax." It is also undisputed that the IRS recorded the Notices of Federal Tax Liens within § 6502(a)(1)'s 10-year statute of limitations. The Court thus finds that the NFTLs are valid.[4]

**E.     Dischargeability of Pitts's tax liability**

Pitts's argument that the bankruptcy court erred in finding that certain of her tax liabilities were nondischargeable under 11 U.S.C. § 523(a)(1) because she is not liable for a tax fails due to the Court's findings above. The obligation underlying Pitts's

---

[4] The bankruptcy court also found that the IRS had perfected its tax liens. (ER 407.) Pitts does not challenge that finding on appeal.

state-law liability is DIR's duty to pay employment-tax withholdings under 26 U.S.C. § 3403—i.e., taxes. Bankruptcy Code section 523(a)(1)(A) precludes a discharge of, among others, a tax specified under 11 U.S.C. § 507(a)(8). That section in turn references taxes "required to be collected or withheld and for which the debtor is liable in whatever capacity," e.g., tax withholdings under 26 U.S.C. § 3403. 11 U.S.C. § 507(a)(8)(C). The bankruptcy court, with the assistance of the IRS, included a comprehensive breakdown of which portions of which taxes Pitts was able to discharge via her bankruptcy petition. (ER 431.) Pitts does not challenge those analyses on appeal. The Court therefore agrees with the bankruptcy court's nondischargeability findings.

**F.     Whether the IRS violated the discharge injunction**

Lastly, Pitts contends that the IRS violated 11 U.S.C. § 524(a)(2)'s discharge injunction by attempting to collect taxes that should have been discharged through her bankruptcy petition. But since the Court finds that the bankruptcy court correctly found that some of the taxes for which Pitts is liable are nondischargeable, the IRS accordingly did not violate the discharge injunction. Moreover, the bankruptcy court found that "[e]ven if the federal tax liens were not perfected prior to bankruptcy, this Court finds no evidence that the IRS has taken any action against Plaintiff personally to collect the taxes, whether dischargeable or non-dischargeable." (ER 411.) Since Pitts has presented no evidence to the contrary, the Court cannot find the bankruptcy court's conclusion clearly erroneous.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## VI. CONCLUSION

For the reasons discussed above, the Court **AFFIRMS** the bankruptcy court's judgment in favor of the United States in its entirety. A judgment will issue.

**IT IS SO ORDERED.**

August 12, 2014

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**